The Honorable Tom Wynne Prosecuting Attorney Thirteenth Judicial District P.O. Box 763 Camden, Arkansas 71701
Dear Mr. Wynne:
This is in response to your request for an opinion concerning the retirement benefits of Mr. Ronnie Phillips, the Hampton Municipal Judge. The question arises in light of Mr. Phillips' service to two different municipalities in two different counties, a determination of his ineligibility for benefits from "APERS," (the "Arkansas Public Employees Retirement System"), and events occurring subsequent to this determination. You note that in Op. Att'y. Gen. 92-308 my office declined to answer the same question because the issue depended upon a number of unresolved issues of fact which this office is not empowered to determine. Three specific unresolved factual issues were set out as evidence of this conclusion. You now provide the answers to these three factual questions and again ask if this office can resolve your ultimate question, which is the status of Municipal Judge Ronnie Phillips' retirement benefits.
I must conclude again, as was concluded in Opinion No. 92-308, that "this situation involves too many unresolved issues of fact to be amendable to resolution in the context of an official Attorney General opinion." The three specific examples of unresolved factual issues noted in that opinion were not exhaustive, but only exemplary of the "myriad factual issues" constituting the factual nature of the inquiry. In fact, in addition to the three factual question you cite, the Opinion also noted that any agreements between the City of Hampton and Calhoun County would also be relevant to the analysis. The nature or intent of any such agreements (whether written or oral) is a particularly factual matter.
As stated in Opinion No. 92-308, "[t]he issues presented should best be resolved with the advice and interaction of the city attorneys involved, the county attorneys involved, and the representatives of APERS and its appointed counsel. Failing a satisfactory resolution of the issues through this means, the parties may of course resort to the judicial process." Op. 92-308 at 2.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana Cunningham Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh